1

2

3

4

5

6

7

8                    IN THE UNITED STATES DISTRICT COURT

9                    FOR THE EASTERN DISTRICT OF CALIFORNIA

10   VICTOR CORREA,

11          Petitioner,                      No. 2:12-cv-2189 EFB P

12          vs.

13   SUPREME COURT OF
     CALIFORNIA,
14                                           ORDER AND
            Respondent.                      FINDINGS AND RECOMMENDATIONS
15
                                       /
16

17          Petitioner, a state prisoner without counsel, has filed a notice of appeal.  In his notice of

18   appeal, petitioner explains that he is appealing the judgment of the California Supreme Court.

19   Dckt. No. 1 at 1.

20          Under the Rooker–Feldman doctrine, a federal district court does not have subject-matter

21   jurisdiction to hear an appeal from the judgment of a state court.  *Exxon Mobil Corp. v. Saudi*

22   *Basic Indus. Corp.*, 544 U.S. 280, 283–84, 125 S.Ct. 1517, 161 L.Ed.2d 454 (2005); *see also*

23   *Dist. of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 476, 103 S.Ct. 1303, 75 L.Ed.2d

24   206 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415, 44 S.Ct. 149, 68 L.Ed. 362 (1923).

25   The Rooker–Feldman doctrine bars jurisdiction in federal district court if the exact claims raised

26   in a state court case are raised in the subsequent federal case, or if the constitutional claims

1

1 presented to the district court are "inextricably intertwined" with the state court's denial of relief.

2 *Bianchi v. Rylaarsdam*, 334 F.3d 895, 898–99 (9th Cir.2003) (quoting *Feldman*, 460 U.S. at 483

3 n. 16).  Rooker–Feldman thus bars federal adjudication of any suit whether a plaintiff alleges an

4 injury based on a state court judgment or directly appeals a state court's decision.  *Id*. at 900 n. 4.

5 The district court lacks subject matter jurisdiction either to conduct a direct review of a state

6 court judgment or to scrutinize the state court's application of various rules and procedures

7 pertaining to the state case.  *Samuel v. Michaud*, 980 F. Supp. 1381, 1411–12 (D. Idaho 1996),

8 *aff'd*, 129 F.3d 127 (9th Cir.1997).  The rule applies even where it is alleged that the state court's

9 action was unconstitutional.  *Feldman*, 460 U.S. at 486.  Further, the doctrine applies to attacks

10 of criminal judgments as well as civil ones.  *Roberts v. Los Angeles City Fire Dep't*, 86

11 F.Supp.2d 990, 994 (C.D. Cal. 2000); *see also Datz v. Kilgore*, 51 F.3d 252, 253 (11th Cir.1995)

12 (applying Rooker–Feldman doctrine where state court judgment was a criminal conviction).

13      Here, it is clear the court lacks jurisdiction.  Petitioner names the California Supreme

14 Court as the respondent.  Dckt. No. 1 at 1.  Petitioner explains that he is "appealing a judgment

15 of the Supreme Court of California on direct appeal."  *Id*.  He states that he is waiting for the

16 United States Court of Appeals to return his appeal filed in that court "so that [he] may redirect

17 his appeal to the Eastern District Court of Appeals."  *Id*. at 2.  He further states that "at this time

18 [he] wishes to exhaust his direct criminal appeal rights.  [He] is not filing a writ of habeas corpus

19 at this time but only wishes to exhaust his direct appeal."  Dckt. No. 7 at 2.

20      Petitioner is seeking to appeal the decision of the California Supreme Court to this court.

21 As explained above, this court may not entertain a direct appeal from a state court decision.  The

22 action must therefore be dismissed.

23      Accordingly, it is hereby ORDERED that the Clerk randomly assign this case to a United

24 States District Judge.

25 ////

26 ////

1    Further, it is RECOMMENDED that:

2        1.  This action be dismissed; and

3        2.  The Clerk be directed to close the case.

4    These findings and recommendations are submitted to the United States District Judge

5    assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days

6    after being served with these findings and recommendations, any party may file written

7    objections with the court and serve a copy on all parties.  Such a document should be captioned

8    "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections

9    within the specified time may waive the right to appeal the District Court's order.  *Turner v.*

10   *Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

11   DATED:  October 11, 2012.

12   _____

13   EDMUND F. BRENNAN
     UNITED STATES MAGISTRATE JUDGE

14

15

16

17

18

19

20

21

22

23

24

25

26