IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

VICTOR CORREA,

      Petitioner,                    No. 2:12-cv-2189 EFB P

   vs.

SUPREME COURT OF CALIFORNIA,

                                  <u>ORDER AND</u>
      Respondent.            <u>FINDINGS AND RECOMMENDATIONS</u>

                              /

      Petitioner, a state prisoner without counsel, has filed a notice of appeal. In his notice of appeal, petitioner explains that he is appealing the judgment of the California Supreme Court. Dckt. No. 1 at 1.

      Under the Rooker–Feldman doctrine, a federal district court does not have subject-matter jurisdiction to hear an appeal from the judgment of a state court. *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 283–84, 125 S.Ct. 1517, 161 L.Ed.2d 454 (2005); *see also Dist. of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 476, 103 S.Ct. 1303, 75 L.Ed.2d 206 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415, 44 S.Ct. 149, 68 L.Ed. 362 (1923). The Rooker–Feldman doctrine bars jurisdiction in federal district court if the exact claims raised in a state court case are raised in the subsequent federal case, or if the constitutional claims

1

presented to the district court are "inextricably intertwined" with the state court's denial of relief. *Bianchi v. Rylaarsdam*, 334 F.3d 895, 898–99 (9th Cir.2003) (quoting *Feldman*, 460 U.S. at 483 n. 16). Rooker–Feldman thus bars federal adjudication of any suit whether a plaintiff alleges an injury based on a state court judgment or directly appeals a state court's decision. *Id*. at 900 n. 4. The district court lacks subject matter jurisdiction either to conduct a direct review of a state court judgment or to scrutinize the state court's application of various rules and procedures pertaining to the state case. *Samuel v. Michaud*, 980 F. Supp. 1381, 1411–12 (D. Idaho 1996), *aff'd*, 129 F.3d 127 (9th Cir.1997). The rule applies even where it is alleged that the state court's action was unconstitutional. *Feldman*, 460 U.S. at 486. Further, the doctrine applies to attacks of criminal judgments as well as civil ones. *Roberts v. Los Angeles City Fire Dep't*, 86 F.Supp.2d 990, 994 (C.D. Cal. 2000); *see also Datz v. Kilgore*, 51 F.3d 252, 253 (11th Cir.1995) (applying Rooker–Feldman doctrine where state court judgment was a criminal conviction).

Here, it is clear the court lacks jurisdiction. Petitioner names the California Supreme Court as the respondent. Dckt. No. 1 at 1. Petitioner explains that he is "appealing a judgment of the Supreme Court of California on direct appeal." *Id*. He states that he is waiting for the United States Court of Appeals to return his appeal filed in that court "so that [he] may redirect his appeal to the Eastern District Court of Appeals." *Id*. at 2. He further states that "at this time [he] wishes to exhaust his direct criminal appeal rights. [He] is not filing a writ of habeas corpus at this time but only wishes to exhaust his direct appeal." Dckt. No. 7 at 2.

Petitioner is seeking to appeal the decision of the California Supreme Court to this court. As explained above, this court may not entertain a direct appeal from a state court decision. The action must therefore be dismissed.

Accordingly, it is hereby ORDERED that the Clerk randomly assign this case to a United States District Judge.

////

////

Further, it is RECOMMENDED that:

1. This action be dismissed; and

2. The Clerk be directed to close the case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections within the specified time may waive the right to appeal the District Court's order.  *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

DATED: October 11, 2012.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE